# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JAMES E. PORCHIE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20CV00022 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ALERE TOXICOLOGY** ) | By: James P. Jones |
| **SERVICES, INC.,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Timothy W. McAfee, MCAFEE LAW FIRM, PLLC, Big Stone Gap, Virginia, for Plaintiff; R. Lucas Hobbs and Elizabeth Anne Bellamy, ELLIOTT LAWSON & MINOR, P.C., Bristol, Virginia, and Jason P. Bloom, HAYNES AND BOONE, LLP, Dallas, Texas, for Defendant.*

In this diversity case, the plaintiff, a State correctional officer, alleges that the State hired the defendant company to perform random drug testing for State employees and because of the defendant's negligence, the testing yielded a false-positive result for the plaintiff's sample, causing the plaintiff to be fired, resulting in loss of income and benefits. The defendant has moved to dismiss for failure to state a claim. For the reasons that follow, the motion will be granted.

I.

The Amended Complaint ("Complaint") alleges the following facts, which I must consider as true solely for the purpose of deciding the Motion to Dismiss.[1] *Fessler v. IBM Corp.*, 959 F.3d 146, 152 (4th Cir. 2020). The defendant, Alere Toxicology Services, Inc. ("Alere"), contracted with the Virginia Department of Corrections to drug test employees of that department. Plaintiff James E. Porchie worked as a correctional officer with the Virginia Department of Corrections, assigned to the Wallens Ridge State Prison in Big Stone Gap, Virginia. Porchie was selected for a random drug test as part of his employment. An employee of the Virginia Department of Corrections obtained an oral sample from Porchie for Alere's analysis. Porchie's sample was tested positive for cocaine by Alere. For that reason, he was terminated by the Department of Corrections, which resulted in a loss of his income and employer-provided medical insurance benefits.

Porchie denied that he had used cocaine and disputed the adverse employment actions through an administrative proceeding. As part of that process, an independent laboratory tested Porchie's oral sample and reported that it was negative for cocaine. A state administrative hearing officer concluded that Alere's test result

---

[1] The case was initially brought in state court and timely removed by the defendant pursuant to this court's subject-matter jurisdiction based on diversity of citizenship and amount in controversy. 28 U.S.C. §§ 1332(a), 1441(a). The Amended Complaint was filed following removal.

was a false-positive. The hearing officer reinstated Porchie's employment and awarded him back pay, back benefits, and attorney's fees. Although Porchie was exonerated by the independent lab results, he contends that false allegations of illegal drug use became pervasive among his peers and within the community.

The Complaint alleges that Alere acted negligently in failing to develop proper protocols and training for the Department of Corrections personnel to gather samples, and for not utilizing state of the art protocols and equipment when handling samples. Porchie seeks compensatory and punitive damages.

Alere argues that under Virginia law, Porchie does not have standing to bring a breach of contract claim and that the commonwealth's economic loss doctrine and physical injury requirement foreclose recovery in negligence. Alere argues that even if Porchie's claims were not foreclosed as matter of law, the Complaint does not contain sufficient factual allegations to support a breach of contract or negligence claim. Porchie counters that the Complaint satisfies current federal factual pleading requirements, and that I should certify the question of whether the legal duty asserted exists under Virginia law to the Supreme Court of Virginia.

For the reasons hereafter explained, I find that based on the allegations in the Complaint, Virginia law clearly bars Porchie from pursuing his claim in contract or negligence. Thus, I need not decide whether the Complaint alleges sufficient facts or certify any legal question to the Supreme Court of Virginia.

The Motion to Dismiss has been fully briefed and is ripe for decision.[2]

II.

Although the Complaint does not specify causes of action, the allegations can be reasonably construed as pleading claims that sound in contract or negligence. However, Virginia law forecloses Porchie from pursuing either claim. He lacks standing to pursue a breach of the drug testing services contract between Alere and his employer because he has not plausibly alleged that he is a party, third-party beneficiary, or privy to that agreement. Moreover, he cannot maintain a negligence claim because he cannot show that he is entitled to damages. Simply put, Porchie has not stated a claim for which relief can be granted under Virginia law.

A plaintiff must have standing to bring a breach of contract claim. Those with standing to sue for breach of contract include "the person to whom the promise was made," "his privy," or "any one for whose benefit the contract was made." *Ward v. Ernst & Young*, 435 S.E.2d 628, 634 (Va. 1993) (internal quotation marks and citations omitted). But Porchie has not plausibly alleged that he is within these classes of persons who would have standing to sue for breach of a contract between Alere and his employer.

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Porchie has not claimed that a promise was made to him or that he was a party to the contract for drug testing services. Nor has he plausibly alleged the right to sue as a third-party beneficiary. A third-party beneficiary may bring a breach of contract claim on the agreement if he can "show that the parties to the contract clearly and definitely intended it to confer a benefit upon him." *Pro. Realty Corp. v. Bender*, 222 S.E.2d 810, 812 (Va. 1976). Here, the Complaint does not contain sufficient factual allegations to infer that the Virginia Department of Corrections and Alere intended any contract for drug testing to confer a benefit to Porchie. The Complaint alleges that he "was among the group of employees that were entitled to the protections contained in the contractual agreement." Am. Compl. ¶ 22, ECF No. 22. But this is far short from alleging that the contracting parties intended to benefit him. At most, the Complaint alleges that Porchie was an incidental third-party beneficiary, a person who has no right to sue for breach of the agreement. *Copenhaver v. Rogers*, 384 S.E.2d 593, 596 (Va. 1989) ("[A] person who benefits only incidentally from a contract between others cannot sue thereon."). Thus, Porchie has not plausibly alleged that he has standing to bring a breach of contract as a party or third-party beneficiary.

Additionally, the Complaint lacks factual allegations to infer that Porchie may sue on the contract as a privy. "Privies are persons connected together or having a mutual interest in the same action or thing, by some relation other than that of actual

contract between them." *Padgett v. Bon Air Realty Co.*, 143 S.E. 291, 293 (Va. 1928) (internal quotation marks and citations omitted). Privity of contract may be established by factual allegations which, for example, plausibly allege that the defendant authorized its agent to enter a contract with the plaintiff. *See Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E.2d 246, 251 (Va. 2002). But Porchie has not alleged any principal-agent relationship between Alere and the Virginia Department of Corrections that would place him in contractual privity with Alere. The Complaint lacks factual allegations to suggest any other circumstances existed that would make Porchie and Alere privies. Thus, without factual allegations that he was a party, privy, or intended third-party beneficiary to the agreement, Porchie does not have standing to sue for breach of any contract between Alere and his employer for drug testing services.

The Complaint alternatively attempts to plead a discernable claim in tort. As best construed, it alleges a claim for negligence, because it claims that Alere failed to use "ordinary care" and observe a "duty." Am. Compl. ¶ 7, ECF No. 22. In any negligence claim, "proof of damages is an essential element and a plaintiff's failure to prove it requires that the action be dismissed." *Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 732 S.E.2d 690, 699 (Va. 2012). In addition to attorney's fees, Porchie seeks to recover economic damages in the form of "temporary loss of income," and emotional distress damages from "mental anguish" and

"embarrassment." Am. Compl. ¶ 19, ECF No. 22. Based on the allegations included within and omitted from the Complaint, Virginia law precludes Porchie from recovering these damages.

Under Virginia's so-called economic loss rule, "privity of contract is an essential element" in "actions seeking damages for an economic loss resulting from negligent performance of a contractual commitment brought by a non-party to the contract." *Ward*, 435 S.E.2d at 631. This is because "economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations," and so the "law of contracts provides the sole redress for such claims." *Id*. at 632 (internal quotation marks and citation omitted). Thus, "Virginia law is clear that, absent privity of contract, economic losses cannot be recovered in a negligence action." *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313, 316 (4th Cir. 1998). However, Porchie has not plausibly alleged privity, as explained above. This deficiency forecloses him from recovering lost income under a negligence theory. *Id*. In any event, Virginia's rule against double recovery would bar Porchie from obtaining such damages, because the administrative process has already awarded him back pay for his lost income that flowed from Alere's conduct. *Dominion Res., Inc. v. Alstom Power, Inc.*, 825 S.E.2d 752, 755 (Va. 2019) ("A fundamental principle of damages is that a plaintiff may not receive a double recovery for a single injury.").

Porchie is likewise barred from recovering emotional distress damages because he does not allege physical impact. A plaintiff cannot recover for emotional distress "where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking." *Hughes v. Moore*, 197 S.E.2d 214, 219 (Va. 1973). Porchie does not contend that he suffered a physical impact when his oral sample was taken or at any other point. Additionally, the Complaint is wanting of plausible allegations from which to infer that Alere's conduct was willful, wanton, or vindictive rather than simply negligent for breaching a duty of care. Merely alleging that Alere engaged in negligent conduct without also alleging that Porchie suffered a physical impact is insufficient to recover emotional distress damages under Virginia law. *Id*. Porchie's inability to recover damages is fatal to his negligence claim. *Manchester Oaks Homeowners Ass'n, Inc.*, 732 S.E.2d at 699.

In sum, Virginia law prevents Porchie from pursuing a claim in contract because he lacks standing, and one in negligence because he cannot recover damages. Without an underlying cause of action, his derivative claim for punitive damages cannot survive. *Roche v. Lincoln Prop. Co.*, 175 F. App'x 597, 606 (4th Cir. 2006) (unpublished) (stating that "if the defendant cannot be held liable for the underlying wrong, a plaintiff's derivative claim for punitive damages is barred"). Thus, the Complaint does not state a claim for which relief can be granted and must be dismissed.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss Amended Complaint, ECF No. 24, is GRANTED.

A separate judgment consistent with this Opinion and Order is being entered herewith.

                        ENTER:   January 22, 2021

                        /s/  JAMES P. JONES
                        United States District Judge